UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | February 27, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Miriam Baird | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Gregory Peacock    Matthew Peters

**Proceedings:** MOTION TO AMEND COMPLAINT (Dkt. 44, filed on JANUARY 18, 2023)

## I. INTRODUCTION AND BACKGROUND

On April 27, 2022, plaintiff Samuel Bonner filed this action against defendants City of Long Beach ("defendant"), County of Los Angeles, William Collette, the estate of William Collette, John Henry Miller, the estate of John Henry Miller, and Does 1 through 10, inclusive. Dkt. 1. Plaintiff alleges claims for (1) deprivation of due process of law and violation of a fair trial, pursuant to 42 U.S.C. § 1983; (2) civil conspiracy; (3) failure to disclose material exculpatory evidence, pursuant to 42 U.S.C. § 1983; (4) post-trial suppression of exculpatory evidence, pursuant to 42 U.S.C. § 1983; (5) supervisorial liability; (6) deliberate fabrication of evidence, pursuant to 42 U.S.C. § 1983; (7) municipal liability, pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); and (8) violations of California Civil Code § 52.1. Id.[1]

Bonner's claims arise from his 1983 conviction by a California state court jury for the first-degree murder and armed robbery of Leonard Polk. On July 8, 2019, after Bonner had served approximately 37 years in prison, Los Angeles County Superior Court Judge Andrew Lowenthal vacated Bonner's convictions, finding that "egregious prosecutorial misconduct severely violated [Bonner's] due process rights by impacting the fairness of the trial." Dkt. 1 ¶¶ 67-73. Among other allegations of prosecutorial misconduct, Bonner alleges that the prosecutor knowingly presented perjured testimony of Long Beach Police Department detectives William Collette and John Henry Miller and

---

[1] Plaintiff additionally brought claims for violations of California Civil Code §§ 815.2, 835.4 and negligence, which have since been voluntarily dismissed. See dkts. 24, 32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | February 27, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

jailhouse informant "Michael Hayes," whose real name is Charles Jones. Id. ¶¶ 68-69. Additionally, Bonner alleges that defendants failed to inform Bonner that Michael Hayes had perjured himself and to provide Bonner with other exculpatory evidence prior to his conviction and over the course of the following 37 years, during which Bonner filed seven state law habeas petitions challenging his conviction. Id. ¶¶ 70, 96. Bonner alleges that he suffered substantial physical, mental, and emotional injury and incurred medical and psychological costs, among other damages, as a result of defendants' misconduct. See generally dkt. 1.

On January 18, 2023, plaintiff filed a motion for leave to amend his complaint to add Connie Collette as successor in interest to defendant William Collette, who died in 2015. Dkt. 44. On February 6, 2023, defendant City of Long Beach filed an opposition to plaintiff's motion. Dkt. 49. On February 13, 2023, plaintiff filed a reply in support of his motion. Dkt. 52. Plaintiff's motion is presently before the Court.

On February 27, 2023, the Court held a hearing on plaintiff's motion. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Where leave to amend is sought, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: [1] bad faith, [2] undue delay, [3] prejudice to the opposing party, [4] futility of amendment, and [5] whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). Some factors may be weighted more heavily than others; for example, "[s]ome courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | February 27, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

**III.    DISCUSSION**

Plaintiff seeks leave to file a first amended complaint adding Connie Collette, as successor in interest to William Collette, as a defendant in this action. When plaintiff filed this action in April 2022, he named as defendants "William Collette" and "the estate of William Collette" because plaintiff's counsel knew that William Collette had died in 2015 but, at the time, did not know the identity of William Collette's successor in interest. Dkt. 44 at 5. In December 2022, plaintiff's counsel learned from William Collette's death certificate that William Collette was married to Connie Collette at the time of his death. Id. Accordingly, plaintiff now seeks to add Connie Collette as William Collette's successor in interest. Plaintiff contends that adding Connie Collette as a defendant would not prejudice the non-moving parties because plaintiff only seeks to add Connie Collette as William Collette's successor in interest and because his motion was filed within the deadline to amend pleadings and add parties set by the Court. Id. at 6.

In response, defendant City of Long Beach urges the Court to deny plaintiff's request for leave to amend on the grounds that amendment would be futile. Dkt. 49 at 1. Defendant specifically argues that plaintiff's claims against William Collette are time-barred under California Code of Civil Procedure § 366.2 and that those claims would likewise be time-barred as against Connie Collette as William Collette's successor in interest. Id. Thus, defendant contends, the claims fail regardless of whether Connie Collette is added, and amendment of the complaint would be futile. Id. Section 366.2 provides as follows:

> If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

Cal. Code Civ. P. § 366.2(a). The provision further states that this limitations period "shall not be tolled or extended for any reason" except as provided in three enumerated circumstances, which include (1) the timely filing of a creditor claim; (2) the filing of a petition for payment of debts, claims, or expenses from the decedent's revocable trust;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | February 27, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

and (3) a proceeding to judicially construe a no-contest provision. Cal. Code Civ. P. § 366.2(b).

    According to defendant, § 366.2 applies to derivative claims for relief asserted against the decedent's surviving spouse. Dkt. 49 at 2 (citing Cal. Prob. Code § 13554; Collection Bureau of San Jose v. Rumsey, 24 Cal. 4th 301, 310 (2000)). Defendant further contends that none of the three enumerated exceptions to § 366.2 are applicable here and, accordingly, the one-year statute of limitations was not tolled. Dkt. 49 at 2. Because the complaint in this action was filed in April 2022, more than one year after William Collette's death in 2015, defendant argues, plaintiff's attempt to bring claims against William Collette or his successor in interest is time-barred. Id.

    While defendant maintains that the one-year statute of limitations was not tolled, it argues that, even if tolling provisions not enumerated in § 366.2(b) are applicable, plaintiff's request is still time-barred. Id. at 3. According to defendant, even if the Court assumes that the statute of limitations was tolled during plaintiff's incarceration, plaintiff's claims are still time-barred under § 366.2 because the complaint was filed more than one year after Judge Lowenthal vacated plaintiff's conviction on July 8, 2019. Id. at 4.

    Defendant further contends that plaintiff's claims are still time-barred under § 366.2 even if the limitations period was tolled during the People's appeal of Judge Lowenthal's July 8, 2019 order and California Emergency Rule 9. Under California law, the statute of limitations for a malicious prosecution claim is tolled during an appeal from the judgment at issue; however, the time between issuance of the judgment and filing of the notice of appeal is not tolled. Id. at 5 (citing Morales v. City of Los Angeles, 214 F.3d 1151, 1155 (9th Cir. 2000)). Defendant points out that approximately two months passed between the July 8, 2019 order and the People's filing of a Notice of Appeal on September 6, 2019. Dkt. 49 at 5. On January 23, 2020, following the People's abandonment of the appeal, the Court of Appeal filed a remittitur, at which point, the statute of limitations began to run again. Id. In response to the COVID-19 pandemic, California Emergency Rule 9 ("Rule 9") tolled the statute of limitations from April 6, 2020, to October 1, 2020. Id. Thus, the statute of limitations was arguably tolled on April 6, 2020, after running for an additional two months and two weeks. Id. at 5-6. When the Rule 9 tolling period ended on October 1, 2020, defendant contends that plaintiff had approximately eight months to timely file claims against William Collette or his successor in interest. Id. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                       'O'

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | February 27, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

Plaintiff, however, did not file his complaint until April 27, 2022, approximately 18 months and 3 weeks after the statute of limitations began to run again on October 1, 2020. Id. Therefore, defendant contends, "even factoring in appeal and pandemic-related tolling provisions, approximately two years had elapsed since [p]laintiff's statute of limitations had begun to run," in violation of § 366.2. Id.

In his reply, plaintiff contends that § 366.2 does not apply to claims for relief that could not have been filed prior to the defendant's death. Dkt. 52 at 2. Here, plaintiff argues, his "malicious prosecution and deliberate fabrication of evidence claims accrued well after Mr. Collette's death." Id. at 3.

It appears to the Court that plaintiff's request for leave to amend has satisfied Rule 15. Plaintiff's request is made in good faith and within the timeline for amending pleadings and adding parties set by the Court. See dkt. 42. Moreover, defendant has not identified any prejudice that it will suffer because of plaintiff's filing a first amended complaint. And any such prejudice is unlikely to result as plaintiff only seeks to add Connie Collette as William Collette's successor in interest and does not propose any amendment that would materially enlarge the scope of litigation.

With respect to defendant's contention that § 366.2 renders amendment futile, the Court concludes that this issue is better decided on a motion to dismiss plaintiff's first amended complaint. See SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2003) (explaining that substantive challenges to proposed amendments "are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend"). Whether or not § 366.2 bars plaintiff's claims against Connie Collette depends on whether plaintiff's claims could have been filed prior to William Collette's death. See Estate of Yool, 151 Cal. App. 4th 867, 876 (2007) ("Section 366.2 specifically contemplates an action that may be brought against a person prior to his or her death."). By its own terms, § 366.2 applies to a "cause of action [that] survives" the decedent's death, "whether accrued or not accrued." Cal. Code Civ. P. § 366.2(a). Courts have interpreted this language to require that, for § 366.2 to apply, "the breach or misconduct must occur prior to the decedent's death," such that the claim for relief existed before the decedent's death and survived the decedent. Dacey v. Taraday, 196 Cal. App. 4th 962, 983 (2011). However, § 366.2 applies even if the claim had not accrued prior to the decedent's death by reason of the delayed discovery rule. See id.; see also Ferraro v. Camarlinghi, 161 Cal. App. 4th 509, 554 (2008). Put otherwise, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | February 27, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

misconduct must predate the decedent's death, "but the claim does not have to be discovered while the decedent is alive." Dacey, 196 Cal. App. 4th at 983.

In short, plaintiff's claims are subject to the one-year statute of limitations in § 366.2 if he could have brought them while William Collette was alive, regardless of whether or not plaintiff had discovered the claims during William Collette's lifetime. Determining whether plaintiff's claims could have been brought while William Collette was alive would require the Court to analyze when the misconduct at issue in each claim allegedly occurred and whether the elements of each claim were allegedly satisfied prior to William Collette's death. See Rumbaugh v. Harley, 2018 WL 4002854, at *8 (E.D. Cal. Aug. 22, 2018) (collecting cases in which courts "have found section 366.2 did not apply or would not apply because the wrongful conduct had not occurred before the decedent's death"); see, e.g., Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1107 (C.D. Cal. 2009) (concluding that § 366.2 did not bar plaintiff's malicious prosecution claim against decedent's estate because "such claim could not have been filed while defendant [] was still alive"). Such determinations are more appropriately made once plaintiff's amended complaint is before the Court and the parties have fully briefed the issue.

### IV.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for leave to file a first amended complaint.

IT IS SO ORDERED.

|  | 00 : 07 |
|---|---|
| Initials of Preparer | CMJ |