UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | May 22, 2023 |
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Gregory Peacock                    Not Present

**Proceedings:**      ZOOM HEARING RE: MOTION FOR LEAVE TO FILE SECOND
                AMENDED COMPLAINT (Dkt. 70, filed on APRIL 22, 2023)

**I.    INTRODUCTION AND BACKGROUND**

On April 27, 2022, plaintiff Samuel Bonner filed this action against defendants City of Long Beach ("defendant"), County of Los Angeles, William Collette, the estate of William Collette, John Henry Miller, the estate of John Henry Miller, and Does 1 through 10, inclusive. Dkt. 1. On March 2, 2023, plaintiff filed a notice of settlement with defendant County of Los Angeles. Dkt. 57. On March 9, 2023, plaintiff filed a first amended complaint (the "FAC") adding Connie Collette as successor in interest to William Collette as a defendant. Dkt. 58. The FAC alleges claims for (1) deprivation of due process of law and violation of a fair trial, pursuant to 42 U.S.C. § 1983; (2) civil conspiracy to violate constitutional rights; (3) failure to disclose material exculpatory evidence, pursuant to 42 U.S.C. § 1983; (4) post-trial suppression of exculpatory evidence, pursuant to 42 U.S.C. § 1983; (5) supervisorial liability; (6) deliberate fabrication of evidence, pursuant to 42 U.S.C. § 1983; and (7) municipal liability, pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Id.[1] Bonner's claims arise from his 1983 conviction by a California state court jury for the first-degree murder and armed robbery of Leonard Polk. See generally id.

On March 13, 2023, defendant City of Long Beach filed a partial motion to dismiss the FAC on numerous grounds, including the ground that "the estate of John Henry

---

[1] Plaintiff additionally brought claims for violations of California Civil Code §§ 52.1, 815.2, 835.4, and negligence, which have since been voluntarily dismissed. See dkts. 24, 32, 69.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                     **'O'**

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | May 22, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

Miller" is not a proper defendant. Dkt. 60. The motion to dismiss argued that plaintiff's claims against the estate of John Henry Miller should be dismissed because plaintiff failed to timely substitute Miller's successors following Miller's death on September 17, 2022. Id. at 6. On October 5, 2022, defendant filed a statement of a party's death, notifying the parties that Miller had died on September 17, 2022. Id.; see dkt. 33. On October 19, 2022, defendant filed a notice identifying Miller's heirs and providing proofs of service of the statement on Miller's heirs. Dkt. 60 at 6; see dkts. 36, 37. According to the motion to dismiss, under Federal Rule of Civil Procedure 25(a)(1), plaintiff had 90 days to file a motion for substitution of defendant Miller's successors in interest following the October 19, 2022 notices. Dkt. 60 at 6-7. Because plaintiff failed to file any such motion, defendant contended that the claims against Miller's estate must be dismissed. Id.

In his opposition filed on March 20, 2023, plaintiff requested that he be granted leave to add John Henry Miller's successors in interest as defendants in this action. Dkt. 62. Defendant opposed this addition and requested that plaintiff's request for leave to amend be made as a separate motion so that the parties could fully brief the matter. Dkt. 63. On April 11, 2023, following a hearing on the motion to dismiss, the Court granted defendant's motion to dismiss the estate of John Henry Miller and extended the deadline by which to file a request to amend pleadings or add parties, for the sole purpose of allowing plaintiff to file a motion for leave to add Miller's successors as defendants. Dkt. 69.

On April 22, 2023, plaintiff filed a motion for leave to file a second amended complaint ("SAC") adding Miller's successors in interest, Joseph Miller and Helen Hyatt, as defendants. Dkt. 70. On April 28, 2023, defendant City of Long Beach filed an opposition to plaintiff's motion. Dkt. 72. On May 8, 2023, plaintiff filed a reply in support of his motion. Dkt. 73.

On May 22, 2023, the Court held a hearing on plaintiff's motion. Prior to the hearing, the Court distributed a tentative order to the parties granting plaintiff's motion. Counsel for defendant did not appear at the hearing and informed plaintiff's counsel that he submitted on the tentative order. Plaintiff's motion is presently before the Court.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | May 22, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

## II.   DISCUSSION

### A.   Plaintiff's Request for an Extension of the 90-Day Deadline

#### 1.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "If [a] motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Id. In the event that a party fails to file such a motion within 90 days, Federal Rule of Civil Procedure 6(b) grants the court discretion to extend the time to file a motion for substitution upon a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1).

To determine whether failure to comply with a deadline is due to excusable neglect, courts apply the four-factor test set forth in Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 385 (1993). The four Pioneer factors are (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer, 507 U.S. at 385.

#### 2.   Court's Analysis

Plaintiff contends that the Pioneer factors weigh in favor of granting his motion because adding John Henry Miller's successors in interest would not prejudice the City of Long Beach or any other party. Dkt. 73 at 3. Plaintiff points out that he only recently filed the First Amended Complaint (on March 9, 2023), no depositions have been taken yet, and "there is still a considerable amount of time before the discovery cut-off and trial." Id. He additionally points out that he made his original request to add John Henry Miller's successors only about 60 days after the expiration of the 90-day period. Id. As to the reason for the delay, plaintiff's counsel states that he mistakenly believed that naming the estate of John Henry Miller as a defendant was sufficient to maintain claims associated with John Henry Miller.[2] Id. at 4.

_____

[2] In briefing the motion to dismiss, defendant asserted that this statement of mistaken belief is disingenuous because plaintiff's counsel knew to add Connie Collette as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | May 22, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

Defendant contends that plaintiff knew or should have known the Rule 25 requirements, particularly because the statement of party's death filed by defendant on October 5, 2022, referenced Rule 25(a)(1). Dkt. 72 at 5. It additionally points out that no individual defendants filed responsive pleadings in this action, which should have put plaintiff on notice that he had not properly named Miller's successors. Id. Further, defendant argues, plaintiff failed to cure the deficiency when he filed the FAC. Id. at 7.

Defendant asserts that the length of delay here is significant and will prejudice defendant because allowing plaintiff to add parties may entail pushing discovery and trial deadlines so that the new parties have time to answer, familiarize themselves with documents that have been produced, and file potential challenges to plaintiff's pleadings. Id. at 5-7. According to defendant, because this case centers on events that took place approximately 40 years ago, "there are undoubtedly evidentiary hurdles inherent in this litigation [and] securing pertinent discovery and evidence in this action will only becom[e] more challenging moving forward." Id. at 6. Thus, defendant contends, further delay will prejudice its ability to defend against plaintiff's claims.

In the event that the Court grants plaintiff's motion, defendant requests that the Court require plaintiff to file a SAC consistent with the Court's order on the motion to dismiss. Id. at 9. Specifically, defendant points out that the proposed SAC that plaintiff attaches to his motion for leave to amend still references "defendant Collette" and "defendant Miller" at times, even though Collette and Miller have been dismissed as defendants, and asserts that "it is unclear which parties [p]laintiff claims is liable for having unlawfully conspired to violate his constitutional rights." Id. at 8-9.

The Court finds that plaintiff has made a sufficient showing of excusable neglect. Regarding the first two Pioneer factors, prejudice to defendant and the potential impact on judicial proceedings, the Court is not persuaded that these factors weigh against

---

successor in interest to William Collette, who was also deceased. At oral argument, counsel for plaintiff explained that he sought to add Connie Collette as successor in interest to William Collette because, given that William Collette died over four years ago, he understood that naming the "estate of William Collette" was no longer appropriate. John Henry Miller, by contrast, died during the course of this action, roughly six months before defendant filed its motion to dismiss. Plaintiff's counsel explained that he therefore assumed that administration of Miller's estate was ongoing and that naming the estate as a defendant was sufficient.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | May 22, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

plaintiff's request.  While discovery and judicial proceedings may be delayed by the addition of Miller's successors, any such delay will be minimal compared to the approximately 37 years plaintiff spent in prison.  Thus, the evidentiary hurdles identified by defendant are mainly attributable to plaintiff's incarceration.  Under these circumstances, it would be inequitable to preclude plaintiff from adding Miller's successors on account of a potential months-long delay and the relatively slight impact such a delay would have on evidentiary issues.  Moreover, the evidentiary hurdles identified by defendant impact plaintiff's case and defendants' case equally; accordingly, the risk of prejudice to defendant is minimal.

The third and fourth <u>Pioneer</u> factors, the reason for delay and whether plaintiff acted in good faith, likewise weigh in plaintiff's favor.  Plaintiff's counsel has explained that the delay was due to his mistaken belief that naming the estate of John Henry Miller was sufficient to name Miller's successors.  This explanation is not inconsistent with his adding Connie Collette, William Collette's successor in interest, because, as plaintiff's counsel explained, he was under the impression that the estate of William Collette, who had died years prior to the filing of this action, no longer existed as such.  Nothing in the record suggests to the Court that this error was made in bad faith.  Therefore, the Court finds that plaintiff's error constitutes excusable neglect under Rule 6(b) and concludes that a discretionary extension should be granted.  <u>Zanowick v. Baxter Healthcare Corp.</u>, 850 F.3d 1090, 1094 (9th Cir. 2017) ("[U]nder Rule 25, a 'discretionary extension should be liberally granted absent a showing of bad faith on the part of the movant for substitution or undue prejudice to other parties to the action.'") (quoting <u>United States v. Miller Bros. Constr. Co.</u>, 505 F.2d 1031, 1035 (10th Cir. 1974)).

**B.      Plaintiff's Request to Add Miller's Successors**

1.      <u>Legal Standard</u>

Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  Where leave to amend is sought, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court."  <u>Jordan v. County of Los Angeles</u>, 669 F.2d 1311, 1324 (9th Cir. 1982), <u>vacated on other grounds</u>, 459 U.S. 810 (1982).  "Five factors are taken into account to assess the propriety of a motion for leave to amend: [1] bad faith, [2] undue delay, [3] prejudice to the opposing party, [4]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | May 22, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

futility of amendment, and [5] whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). Some factors may be weighted more heavily than others; for example, "[s]ome courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

            2.      Court's Analysis

        The Court finds it appropriate to grant plaintiff leave to amend the complaint, for the purpose of adding Miller's successors as defendants. The need to amend the complaint arose due to the death of Miller, not due to bad faith on the part of plaintiff. Plaintiff has only amended the complaint once before and has provided an explanation for his failure to cure the deficiencies in the FAC—namely, his mistaken belief that naming the estate of John Henry Miller was sufficient to name his successors in interest. Further, as explained above, plaintiff's delay in bringing the request was due to excusable neglect and was relatively minimal in nature. And, while defendant warns that further delay will result in prejudice, it has failed to point to any result of the delay that will impact its case more so than plaintiff's. Finally, rather than being futile, amendment would permit plaintiff to maintain the claims originally brought against Miller. Importantly, the prejudice plaintiff would face if he could not maintain those claims far outweighs any prejudice to defendants, and thus "justice [] requires" that leave to add Miller's successors be granted. See Fed. R. Civ. P. 15(a). Given the "extreme liberality" with which courts grant leave to amend, Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001), the Court concludes that plaintiff's motion should be granted.

        The Court agrees with defendant that plaintiff's SAC must conform with the Court's prior orders, including the order on the motion to dismiss, and therefore must not name as defendants parties that have been dismissed from this action. Accordingly, the Court grants plaintiff's motion for leave to amend; however, rather than filing the proposed SAC attached to his motion, plaintiff is directed to file a SAC that complies with the Court's prior orders, not later than fourteen (14) days from the date of this order.

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                                    'O'

| Case No. | 2:22-cv-02819-CAS (MAAx) | Date | May 22, 2023 |
|---|---|---|---|
| Title | SAMUEL BONNER V. CITY OF LONG BEACH, ET AL. | | |

## III.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for leave to file a second amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |